# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSCO FIRE PROTECTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL FIDELITY INSURANCE COMPANY, <br><br> Defendant. | Case No.: 17-cv-2209-WQH-JMA <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss (ECF No. 4) filed by Defendant International Fidelity Insurance Company.

**I.  Background**

On October 30, 2017, Plaintiff Cosco Fire Protection, Inc. ("Cosco") initiated this action by filing the Complaint (ECF No. 1) against Defendant International Fidelity Insurance Company ("IFIC"). On February 13, 2018, IFIC filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (ECF No. 4) (the "Motion to Dismiss"). IFIC attached five invoices (the "Invoices") to the Motion to Dismiss. (ECF No. 4-2 at 3–12). On March 5, 2018, Cosco filed an Opposition to the Motion to Dismiss. (ECF No. 5). On March 12, 2018, IFIC filed a Reply to Cosco's Opposition to the Motion to Dismiss. (ECF No. 7).

1

## II. Allegations in the Complaint

> In or about 2015 . . . IFIC issued to Menco Pacific, Inc. a payment bond relating to a construction project wherein Menco Pacific acted as the general contractor in renovating several buildings at the Federal Naval Base at Point Loma, San Diego, California ("Project"). In or about 2015-2016, Cosco and Menco Pacific entered into one or more subcontract agreements relating to said Project. Pursuant to the subcontract(s) Cosco performed construction services and provided labor and materials for the Project. Menco Pacific contractually promised to pay Cosco for the construction services provided on behalf of Menco Pacific. . . . Menco Pacific failed to pay Cosco for all of the construction services provided and completed by Cosco.
>
> In 2016, Cosco issued several invoices to Menco Pacific for construction services rendered on said Project. . . . Menco Pacific failed to pay invoices totalling [sic] $42,804.50. Cosco made demands for payment to Menco Pacific and then IFIC in September, 2016 and 2017. . . . Cosco gave IFIC a deadline of October 24, 2017 to pay Cosco's bond claim. IFIC has failed and refused to make payment and thereby has constructively denied Cosco's claim.

Compl. at ¶¶ 3–6, 9.

## III. Discussion

IFIC contends that the Invoices establish that Cosco "had by May 24, 2016 provided 100% of the goods and materials called for under its contract." (ECF No. 4-1 at 3). IFIC contends that, consequently, Cosco fails to state a claim under the Miller Act because the Complaint was filed on October 30, 2017, "more than one year after the date on which the last of the goods and materials were provided." *Id.* Cosco contends that the Court should not consider the Invoices when ruling on the Motion to Dismiss. (ECF No. 5 at 3).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Section 3131 of the Miller Act provides that "[b]efore any contract of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government, a person must furnish to the Government [a payment bond]." 40 U.S.C. § 3131(b)(2). The Miller Act grants "[e]very person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131. . . a civil action on the payment bond for the amount unpaid at the time the civil action is brought." *Id.* at § 3133(b)(1). Such a civil action "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." *Id.* at § 3133(b)(4).

Cosco alleges that "IFIC issued to Menco Pacific, Inc. a payment bond relating to a construction project wherein Menco Pacific acted as the general contractor in renovating several buildings at the Federal Naval Base at Point Lorna, San Diego, California." Compl at ¶ 3. Cosco alleges that "Cosco and Menco Pacific entered into one or more subcontract agreements relating to said Project." *Id.* at ¶ 4. Cosco alleges that "Menco Pacific failed to pay Cosco for all of the construction services provided and completed by Cosco." *Id.* Cosco alleges that "Cosco issued several invoices to Menco Pacific for construction services rendered on said Project" and that "Menco Pacific failed to pay invoices totalling [sic] $42,804.50." *Id.* at ¶ 5. Cosco seeks from IFIC "special damages in the amount of $42,804.50." *Id.* at 4. Cosco does not allege the date on which it last provided goods or

materials under its subcontract(s) with Menco Pacific. *See id.* Cosco filed the Complaint on October 30, 2017.

IFIC attached to the Motion to Dismiss five Cosco invoices that identify "Menco Pacific Inc." as the "customer." *See* ECF No. 4-2 at 3–12. IFIC contends that the Invoices establish that Cosco "had by May 24, 2016 provided 100% of the goods and materials called for under its contract." (ECF No. 4-1 at 3). However, the Complaint alleges that "Cosco issued *several* invoices to Menco Pacific for construction services rendered on said Project," Compl. at ¶ 5 (emphasis added). It is not clear from the allegations in the Complaint that the Complaint only seeks compensation for goods and services covered by the invoices attached to the Motion to Dismiss. Consequently, assuming without deciding that the Court may properly consider the Invoices when deciding IFIC's Motion to Dismiss, the Court finds that the Invoices do not establish that Cosco had provided all of the goods and services for which the Complaint seeks compensation by May 24, 2016. IFIC, therefore, has not established that Cosco filed the Complaint more than "one year after the day on which the last of the labor was performed or material was supplied by [Cosco]." 40 U.S.C. § 3133(b)(4).

**IV. Conclusion**

The Motion to Dismiss (ECF No. 4) is DENIED.

Dated: April 17, 2018

Hon. William Q. Hayes
United States District Court